## BERNHEIM v. ROTH.

(Supreme Court, Appellate Term, First Department.  March 13, 1916.)

1. LIVERY STABLE AND GARAGE KEEPERS ☞8(1)—STORAGE CHARGES—LIENS.

    A garage keeper, entitled to storage charges on a motor car, has a lien thereon, and may refuse delivery until his charges are paid; but if, having no charges, he wrongfully refuses to deliver the machine, he is guilty of a conversion, giving rise to an action in which damages were of the value of the machine.

    [Ed. Note.—For other cases, see Livery Stable and Garage Keepers, Cent. Dig. § 7; Dec. Dig. ☞8(1).]

2. LIVERY STABLE AND GARAGE KEEPERS ☞7—CONVERSION—DAMAGES.

    Where a garage keeper wrongfully refuses to deliver a motor car to the owner, the owner cannot recover as special damages the cost of the hire of a horse and wagon to replace the car; that being obviously true as to such expenses incurred before conversion.

    [Ed. Note.—For other cases, see Livery Stable and Garage Keepers, Cent. Dig. § 6; Dec. Dig. ☞7.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Henry C. Bernheim against George Roth, doing business as the West End Factory. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued February term, 1916, before LEHMAN, WEEKS, and DELEHANTY, JJ.

John G. Snyder, of New York City, for appellant.

Hartman & Levene, of New York City (Max Schleimer, of New York City, of counsel), for respondent.

LEHMAN, J. I think that the judgment in this case should be reversed. The record states that "the complaint was oral, for damages to personal property." The plaintiff claims that at the trial he proved a cause of action for the wrongful detention of an automobile.

[1, 2] Apparently the only demand for the automobile was made in October, 1914, and was refused, unless the plaintiff paid to the defendant the storage charges, which the defendant claimed. If the plaintiff at that time owed for storage charges, then the defendant, as the owner of a garage, had a lien on the automobile, and has a good counterclaim in this action for the amount of these charges. If the plaintiff at that time owed no storage charges, then the refusal would give rise to an action for conversion, in which the damages would be the value of the automobile.

The plaintiff, however, does not claim the value of the automobile, but claims and was permitted to show as damages the cost of the hire of a horse and wagon to replace the automobile from May, 1914. Obviously no damages can be allowed because of a conversion in October, 1914, for a horse and wagon hired before that time. Moreover, I know of no authority for the allowance of special damages of this kind under the circumstances shown here.

The question of whether the plaintiff owed any storage charges in October depends upon the determination of the only real issue in this case, viz., whether the automobile was left in storage with the defendant from June 28th, when the last storage charges were paid, or whether it was left there by reason of the wrongful refusal of the defendant in June to deliver the automobile with proper batteries. On this issue the testimony of both sides is, to my mind, so vague and unsatisfactory that I do not think a judgment on the merits could be given to either party. Upon the entire record I am unable to determine upon what date the plaintiff claims a conversion. I am unable to find any clear or convincing evidence of a conversion at any date; and certainly I can find no evidence to sustain the award of damages.

For these reasons, I think that the judgment should be reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.